UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-126-R

SHARYN LAWLER                                                                          PLAINTIFF

v.

SISTER SCHUBERT'S
HOMEMADE ROLLS, INC.                                                                   DEFENDANT

MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgement (Docket #8).[1]  Plaintiff has responded (Docket #10) and Defendant has replied (Docket #11). This matter is now ripe for adjudication.  For the reasons that follow, Defendant's Motion is GRANTED.

BACKGROUND

This matter arises from Plaintiff Sharyn Lawler's alleged exposure to ammonia at Defendant's plant in Hart County, Kentucky due to leaks on August 16 and August 22, 2007. This exposure happened while Lawler was an employee of Quality Personnel, a temporary placement agency.  Lawler was placed at Defendant's plant from August 1, 2007 through August 26, 2007.  Lawler has made a claim for Workers' Compensation benefits though the policy of Workers' Compensation carried by Quality Personnel at the time of her injury.

Lawler originally filed this action in Hart Circuit Court in Hart County, Kentucky on August 14, 2008.  Defendant removed the case to this Court on August 28, 2008, pursuant to 28

---

[1] Defendant's Motion is titled "Defendant, Sister Schubert's Homemade Rolls, Inc.'s Motion to Dismiss" but because Defendant requests summary judgment the Court treats Defendant's Motion as one for Summary Judgment.

U.S.C. § 1332.  Defendant now moves for summary judgment, arguing that Lawler's claims are barred by Kentuck's Workers' Compensation Act.

### STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed.

R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

DISCUSSION

Defendant argues that Lawler's claim is barred by Kentucky's Workers' Compensation Act, specifically KRS 342.690 and KRS 342.610. KRS 342.690 provides that "[i]f an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee . . . ." The statute states that an "employer" includes "a 'contractor' covered by subsection (2) of KRS 342.610." KRS 342.610(2), in turn, defines a "contractor" as "[a] person who contracts with another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." Together, these provisions "form the basis for what is known as the 'up the ladder' defense: an entity 'up the ladder' from the injured employee and who meets all the qualifications of a 'contractor' under KRS 342.610(2) is entitled to the immunity provided by KRS 342.690." *Davis v. Ford Motor Co.*, 244 F. Supp. 2d 784, 786 (W.D. Ky. 2003).

In *United States Fidelity & Guarantee Company v. Technical Minerals, Inc.*, the Kentucky Supreme Court addressed whether a company was a contractor for the purposes of the worker's compensation statute. 934 S.W.2d 266, 267 (Ky. 1996). The court found that because the company contracted to have work performed by a temporary employee, and because the work performed was a regular and recurring part of the company's business, the company was a "contractor" within the meaning of the Kentucky Workers' Compensation Act. *Id.* Therefore,

3

the court held, the temporary employee could not maintain an action in tort against the company "since his exclusive remedy is through the workers' compensation provisions." *Id.* The temporary worker in fact had obtained workers' compensation from his employer's insurance carrier. *Id.*

Lawler asserts that Defendant is not a "contractor" because Lawler was not being used to fulfill the requirements for "all or any part of a contract" as referred to in KRS 342.610(2), and therefore the Defendant is not entitled to the exclusive remedy protection afforded by KRS 342.690. Lawler's statutory interpretation is incorrect. The Kentucky Workers' Compensation Act defines a contractor, in pertinent part, as "[a] person who contracts with another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." KRS 342.610(2); *see also, e.g.*, *Daniels v. Louisville Gas & Elec. Co.*, 933 S.W.2d 821 (Ky. Ct. App. 1996) (defining "contractor").

The key issue is not, as Lawler asserts, whether Defendant is a contractor who subcontracted all or part of a contract, but rather whether Lawler was engaged in a "regular and recurrent" aspect of Defendant's business and whether Lawler is covered by a policy of worker's compensation insurance. *See* KRS 342.690; KRS 342.610. Lawler does not dispute Defendant's assertion that she was engaged in a regular and recurrent part of the business, and she acknowledges that she is covered under a policy of worker's compensation insurance carried by Qualified Personnel. Therefore, Defendant is a contractor as defined by the statute and Lawler's claims against Defendant are barred.

Lawler also argues that *Technical Minerals* should not apply on public policy grounds. Lawler states that if claims like hers are barred, "companies could obtain workers from

temporary agencies in order to avoid all responsibility including payment of taxes and other

benefits and ignore their responsibility to provide a safe working environment because they

could always rely upon KRS 342.690 and up the ladder immunity for protection." Lawler does

not cite any authority for this proposition. This Court will not overturn the Kentucky Supreme

Court's determination on this issue. The Kentucky Supreme Court, specifically considering

whether the statute should be construed "to allow a common law civil action against an employer

who obtains a temporary employee through a temporary services company" found that "no

employer in his right mind would hire such an employee" if the exclusive remedy provision did

not apply. *Technical Minerals*, 934 S.W.2d at 269. The effect, the court stated, "would be to

destroy the temporary services industry." *Id.* The court elaborated as follows:

> Historically, a major reason employers were willing to provide
> Workers' Compensation benefits was to be free of common law
> civil liability. By the argument of plaintiffs in this case, such
> would be totally frustrated and the plaintiff would have the best of
> both worlds, Workers' Compensation benefits and a common law
> right of action. By contrast, the defendant/employer would have
> the worst of both worlds and this could not have been legislative
> intent.

*Id.*

### CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine issue as to any material

fact and that the Defendant is entitled to judgment as a matter of law. Therefore, Defendant's

Motion for Summary Judgment (Docket #8) is GRANTED.

An appropriate order shall issue.